IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL MYERS, :
:
    Plaintiff :
:
  v. : CIVIL NO. 4:CV-16-1488
:
DR. XIE, ET AL., : (Judge Brann)
:
    Defendants :

**MEMORANDUM**

August 2, 2016

**Background**

    Michael Myers, an inmate presently confined at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has also submitted an in forma pauperis application.  Named as Defendants in the Complaint are two (2) SCI-Waymart psychiatrists, Doctors Xie and Chelick.   The Remaining Defendant is SCI-Waymart chaplain, Reverend Pepper.

    Plaintiff states that he is presently confined in the SCI-Waymart Forensic Treatment Center.  He asserts that Defendants Doctors Xie and Chelick have acted improperly by prescribing him psychotropic medications which make him sleepy

and depressed. Myers contends that he does not require the medications because he is neither a threat to himself nor anyone else. The remaining portion of the Complaint generally contends that Chaplain Pepper has refused to act on Plaintiff's request for an exemption which would permit him to grow long hair. As relief, Myers seeks a removal from his prescribed psychotropic medications, issuance of a hair exemption, and a transfer to general population at another state correctional facility.

## Discussion

Title 28 U.S.C. § 1915(g) provides that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has previously filed approximately fourteen civil actions in this district. The following civil actions which were dismissed for failure to state a claim: Myers v. Morgan, Civil No. 4:95-1127 (M. D. Pa. March 4, 1996)(Muir); Myers v. Dimott, No. 4:95-1335 (M.D Pa. July 22, 1996)(Muir); and Myers v. Corbin, Civil No. 4:99-738 (M.D. Pa. Nov. 12, 2000)(Muir). Another action filed in

2

this district by Plaintiff, Myers v. Gaddis, et al., Civil No. 4:CV-05-2234 (M.D. Pa. July 13, 2006)(Muir), was dismissed under § 1915(g).[1]

There are no averments set forth in the instant complaint which could support a determination that the unconstitutional conduct alleged in Plaintiff's latest action placed this inmate in danger of imminent "serious physical injury" at the time that the action was filed on July 13, 2016.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident).  To the contrary, Plaintiff's asserts only that he was placed on medications which made him sleepy[2] and he has been denied an exemption to wear long hair.

There is also no indication that Myers is alleging that he was subjected to any constitutional violations which placed him at risk of serious physical injury when this action was filed.  Based upon those considerations, this action will be dismissed

---

[1] This action similarly included a request that his forced medication be stopped.

[2] It is noted that Plaintiff acknowledges that he is presently under the care of two psychiatrists who have apparently both determined that he requires medication for a mental health condition.

under § 1915(g).[3]

Since the dismissal of Plaintiff's action is being entered under § 1915(g) and since he is barred from proceeding in forma pauperis, Plaintiff's in forma pauperis application (Doc. 2) will be denied.  An appropriate Order will enter.


BY THE COURT:


  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[3]   It is additionally noted that a prisoner's disagreement with the quality of the medical care provided to him, sounds in negligence and is usually not actionable in a civil rights action.  See  Whooten v. Bussanich, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12, 2007)(citation omitted).